UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cr-00377-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID ROGER MONTS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Defendant's Motion to Amend a Criminal Judgment. (Doc. No. 31). Defendant responded to this motion pro se. (Doc. No. 32).

## I. BACKGROUND

While Defendant was being held on South Carolina state criminal charges, a federal grand jury in the Western District of North Carolina indicted Defendant for possession of a firearm by a felon. (Doc. No. 29; Doc. No. 21 at ¶¶ 41–42). The grand jury indicted Defendant on December 17, 2019. (Doc. No. 1). On that date, Defendant was transferred to Mecklenburg County jail and remained there until this Court sentenced him on May 17, 2021 to 37 months of imprisonment. (Doc. No. 27). Defendant was transferred back to South Carolina the next day and was sentenced in state court on May 18, 2022 to four years' time served to run concurrently with any federal sentence. (Doc. No. 29). Defendant filed a motion to amend his criminal judgment on October 17, 2022, seeking time credit for the time he spent in Mecklenburg County jail awaiting his federal sentencing. (Id.). Defendant further requested appointment of counsel to assist in this matter. (Id.).

1

## II. DISCUSSION

This Court is limited in its authority to alter a criminal sentence. While this Court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior federal custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that the Attorney General–through the Bureau of Prisons ("BOP")–is authorized in the first instance to compute credit under § 3585(b). Id. at 334–35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

A defendant must first exhaust his administrative remedies under § 3585(b) through the BOP, and only then may he file a § 2241 petition in the district where the defendant is confined. Once administrative remedies are exhausted as elaborated in 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district where the defendant is confined. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

Because Defendant has not exhausted his administrative remedies, his request exceeds the scope of this Court's authority to amend a final judgment. Defendant must first exhaust his administrative remedies, and then file a § 2241 petition to receive judicial review. Therefore, this Court must dismiss Defendant's motion. Because Defendant's Motion to Amend a Criminal Judgment is dismissed, his request for reappointment of counsel is rendered moot.

Finally, this Court has deliberated whether to consider this to be a § 2255 petition. Here, nothing in the record indicates that Defendant has sought such administrative review, and, even if he had, a § 2255 motion would not be the proper vehicle to address this issue.

2

# ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Defendant's Motion to Amend a Criminal Judgment (Doc. No. 31) is **GRANTED**. Defendant's Motion to Amend a Criminal Judgment is **DISMISSED** without prejudice.

Signed: November 28, 2022

Max O. Cogburn Jr
United States District Judge