UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cr-00377-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID ROGER MONTS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's motion to reduce sentence pursuant to compassionate release. (Doc. No. 35). The Government opposes Defendant's motion. (Doc. No. 38). The Court will deny Defendant's motion.

I. **Background**

In December 2019, a federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g). (Doc. No. 1). Defendant pleaded guilty to the firearm offense without a plea agreement. (Doc. Nos. 15, 21). The probation office submitted a presentence report, calculating a total offense level of 19 and criminal history category of III, and finding that the Sentencing Guidelines advised a sentence between 37 and 46 months imprisonment. (Doc. No. 21). In May 2021, this Court sentenced Defendant to 37 months in prison, the bottom of the advisory guideline range. (Doc. No. 27).

At the time of Defendant's conviction in this Court, Defendant also faced criminal charges in South Carolina state court. (Doc. No. 21). In May 2022, the South Carolina state court sentenced Defendant to four years in prison for two counts of strong-arm robbery and 30 months in prison for cocaine possession. (Doc. No. 35). The South Carolina court credited Defendant for

1

having served 1,151 days under South Carolina Code § 24-13-40, which gives prisoners credit "for time served prior to trial and sentencing." (Id.). The South Carolina court further circled "time served" on the judgment and stated that the state sentences should run concurrently with one-another as well as "fed. time." (Id.).

Defendant now moves this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Essentially, Defendant requests that time he spent in the Mecklenburg County jail during the pendency of his federal charges be credited against his federal sentence. The Bureau of Prisons apparently maintains that while in Mecklenburg County jail on a writ of habeas corpus ad prosquendum, Defendant remained in primary state custody and is thus not entitled to pretrial credit against his federal sentence for this period of incarceration.

**II.     Legal Standard**

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Sentencing Commission's policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended §

2

Case 3:19-cr-00377-MOC-DCK   Document 40   Filed 05/14/24   Page 2 of 4

1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

### III.  Discussion

The Court will deny Defendant's motion for compassionate release for two reasons. First, Defendant has not exhausted his administrative remedies by requesting compassionate release from the Bureau of Prisons. This is no mere formality, but a statutory condition that must be satisfied for the Court to consider Defendant's motion for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). True, Defendant asked the Bureau of Prisons to recalculate his sentence and grant him credit for time served in Mecklenburg County jail. But Defendant has not requested compassionate release from the Bureau of Prisons, as he must for the Court to properly consider his § 3582 motion.

Second, Defendant fails to identify an extraordinary and compelling justification for compassionate release, as required by U.S.S.G. § 1B1.13. Instead, Defendant essentially requests

judicial review of a claim for credit against his sentence. But such review "must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Defendant's compassionate release motion thus improperly presents a claim that must be pursued through the alternative remedy of § 2241. See United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

## IV. Conclusion

Because Defendant has failed to exhaust his administrative remedies or describe an extraordinary and compelling circumstance justifying compassionate release, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to compassionate release, (Doc. No. 35), is **DENIED**.

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge